**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| THE ESTATE OF BILLIE STATON, *et al*., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 8:25-cv-00879-AAQ |
| v. | * | |
| | * | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | * | |

**\*\*\*\*\*\***

**MEMORANDUM OPINION AND ORDER**

This is a case concerning a man who fell while boarding a Washington Metropolitan Area Transit Authority ("WMATA") Metro Access Vehicle.   Pending before the Court is Defendant's Motion for Summary Judgment.   ECF No. 21.   For the reasons stated below, Defendant's Motion is denied.

**BACKGROUND**

On December 1, 2021, Billie Staton ("Deceased") attempted to board WMATA's Metro Access Vehicle.   ECF No. 21-2; ECF No. 21-3, at 1.   The parties agree that the Deceased fell while trying to board the handicap access lift platform.   ECF No. 21-1, at 2; ECF No. 22, at 2.

Defendant submitted a copy of the surveillance video taken from the Metro Access Vehicle at the time of the incident.   ECF No. 21-2.   Despite video evidence, the parties disagree over the events depicted in the video.   Defendant maintains that the Metro Access Vehicle operator "completely lowered the wheelchair lift to the ground," prior to the Deceased's attempt to board

the lift.   ECF No. 21-1, at 2.   Plaintiff contends that "the handicap access lift was never fully lowered to the ground," causing the Deceased to trip and fall when he tried to board.   ECF No. 22, at 2.   Defendant maintains that the video shows the Deceased "acknowledged the raised lip of the wheelchair lift and raised his walker over the lip of the wheelchair lift," ECF No. 21-1, at 2, but "forgot to raise his left foot over the raised lip of the wheelchair lift," resulting in his fall.   ECF No. 21-1, at 7.   Defendant argues further that when the Deceased fell, he did not contact the ground with his knees or other body parts, rather he "fell sideways into the arms of WMATA's Metro Access operator."   ECF No. 21-1, at 2.   Plaintiff argues instead that the Deceased did not "acknowledge" the raised lip of the lift platform, and that the video shows the Deceased falling onto his knees, not into the arms of a WMATA employee.   ECF No. 22, at 2.   Defendant avers that the WMATA Metro Access operator helped the Deceased to his feet, ECF No. 21-1, at 2, while Plaintiff maintains that the WMATA employee was not in the video frame at the time of the Deceased's fall.   ECF No. 22, at 2.

The parties do agree that once the Deceased returned to standing on his feet, he successfully boarded WMATA's handicap lift.   ECF No. 21-2, at 02:14.   The parties agree further that the WMATA operator raised the handicap lift with the Deceased aboard, and the Deceased then entered WMATA's Metro Access Vehicle.   ECF No. 21-2, at 02:43-58.

On or about February 14, 2025, Helen Staton, personal representative of the estate of the Deceased, brought suit in Maryland state court on behalf of herself and the estate of the Deceased, claiming a single count of negligence on the part of Defendant.   ECF No. 1, at 1; ECF No. 1-4; ECF No. 3; ECF No. 21-4, at 2.   On March 17, 2025, Defendant removed the case to federal court. ECF No. 1.   On April 4, 2025, Defendant filed an Answer to Plaintiff's Complaint.   ECF No. 6.

On January 5, 2026, Defendant filed a Motion for Summary Judgment.   ECF No. 21.   The Motion has since been fully briefed.   ECF Nos. 21, 22, 23.

**STANDARD OF REVIEW**

The Court will grant a motion for summary judgment only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   If there are factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then the Court must deny the request for summary judgment.   *Anderson*, 477 U.S. at 250; *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact.   Fed. R. Civ. P. 56(a); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).   When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the nonmoving party.   *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 438 (4th Cir. 1998).   "A party who bears the burden of proof on a particular claim must factually support each element of his or her claim."   *Scott v. United States*, No. PJM-06-2777, 2007 WL 3020185, at *1 (D. Md. Feb. 23, 2007).   Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.   *See Anderson*, 477 U.S. at 256–57.   "[I]n the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate because

3

it is the function of the factfinder to resolve factual disputes, including matters of witness credibility." *EEOC v. Ecology Servs., Inc.*, 447 F. Supp. 3d 420, 437 (D. Md. 2020) (citing *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002)).

## ANALYSIS

Defendant advances three main arguments in its Motion. First, Defendant argues that video demonstrates that it was not negligent. ECF No. 21-1, at 8. Second, Defendant argues that Plaintiff has not designated or offered any expert testimony on the national standard of care involving disabled patrons on a Metro Access Vehicle and as a result, cannot prove negligence. *Id.* at 4-6. Third, Defendant argues that the video demonstrates that the Deceased was contributorily negligent as a matter of law. *Id.* at 7-8.

As discussed below, a reasonable juror could find that: 1) the video demonstrates that WMATA breached its duty to the Deceased; 2) Defendant breached the standard of care, despite the lack of an expert; and 3) the Deceased was not contributorily negligent.

**I.      A Reasonable Jury Could find that Defendant Breached its Duty to the Deceased.**

Considering the facts as presented in the video and applicable law, Plaintiff has created a genuine issue of material fact as to whether WMATA was negligent. To prevail in a negligence action, the plaintiff must prove: "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Rowhouses, Inc. v. Smith*, 133 A.3d 1054, 1066 (Md. 2016) (quoting *Hamilton v. Kirson*, 96 A.3d 714, 727 (Md. 2014)). "[C]ommon carriers, such as WMATA, owe an elevated duty of care to

passengers." *Hall v. Wash. Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 633 (D. Md. 2010) (citing *Wash. Metro. Area Transit Auth. v. Reading*, 674 A.2d 44, 49 (Md. Ct. Spec. App. 1996)); *see also Todd v. Mass Transit Admin.*, 816 A.2d 930, 934 (Md. 2003) (explaining that a common carrier "owes its passengers the highest degree of care to provide safe means and methods of transportation for them").

Where the record includes a videotape, and the parties disagree as to certain facts, the Supreme Court permits a trial court to review that evidence. *Scott v. Harris*, 550 U.S. 372, 379-81 (2007). However, if a video is unclear or ambiguous, the trial court must adopt the non-movant's version of the facts. *Id.* The Fourth Circuit has emphasized that when "[t]he record . . . is scant, the video grainy, and the testimony conflicting [a] reasonable jury could find for either party if given the chance. So it must be given the chance." *Brown v. Wal-Mart Stores E., LP*, 139 F.4th 356, 367 (4th Cir. 2025).

When considering the evidence in the light most favorable to Plaintiff as the non-moving party, the video evidence is sufficient to generate a dispute of material fact as to whether Defendant breached its duty to the Deceased. Defendant maintains that the operator "completely lowered the wheelchair lift to the ground," ECF No. 21-1, at 2, and that any assertion that the lift was not "flush with the ground" may be explained by the wheelchair lift design which "has a sloped lip when fully lowered to the ground." ECF No. 23, at 4. Plaintiff, however, contends that "the handicap access lift was never fully lowered to the ground." ECF No. 22, at 2. The video is unclear as to whether Defendant fully lowered the WMATA Metro Access lift to the ground. ECF No. 21-2; *see also Boone v. Wash. Metro. Area Transit Auth.*, No.: GLS-18-2381, 2019 WL 3997083, at *2 (D. Md. Aug. 23, 2019) (adopting non-moving party's version of the facts where

video is unclear).   Drawing all inferences in favor of the non-moving party, a reasonable jury could interpret the video to show that WMATA failed to exercise its elevated duty of care by not fully lowering the lift to the ground, causing the Deceased to trip and fall as he attempted to board the vehicle.   *See Mido v. Wash. Metro. Area Transit Auth.*, No. TJS-19-1037, 2021 WL 915431, at *2-3 (D. Md. Mar. 10, 2021) (holding a reasonable jury could conclude WMATA was negligent where a driver failed to "kneel" the bus lower to the ground).   Thus, Defendant's Motion must be denied.   *See Pugh v. Wash. Metro. Area Transit Auth.*, No. TJS-17-0150, 2017 WL 8408424, at *1-2 (D. Md. Dec. 8, 2017) (denying motion for summary judgment where video evidence is ambiguous, requiring the court to view the facts in the light most favorable to the non-moving party and generating a dispute of material fact regarding negligence claim); *Nalls v. Balt. Cnty Md.*, No. ELH-23-0183, 2026 WL 885716, at *51-52 (D. Md. Mar. 30, 2026) (denying motion for summary judgment where video footage is unclear, requiring the court to view the facts in the light most favorable to the non-moving party generating a genuine dispute of material fact).

**II.     Plaintiff Need Not Present Expert Testimony Given the Dispute in this Case.**

Defendant argues that Plaintiff needs an expert witness to establish the national standard of care for boarding a disabled patron onto a WMATA Metro Access Vehicle.   ECF No. 21-1, at 4-6.   "The elements required to [assert] a cause of action for professional negligence are equivalent to the elements required in a standard negligence action; the professional, however, is held to the standard of care that prevails in his or her profession."   *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 130 A.3d 1024, 1034 (Md. Ct. Spec. App. 2016).   In support of such a claim, "[e]xpert testimony is generally admissible when it would be useful to the factfinder in understanding evidence or determining a fact in issue."   *Steamfitters Loc. Union No.*

*602 v. Erie Ins. Exch.*, 233 A.3d 59, 78 (Md. 2020).   However, "[e]xpert testimony is required 'only when the subject of the inference [to be drawn by the jury] is so particularly related to some science or profession that [it] is beyond the ken of the average layman . . . . '"   *Johnson v. State*, 179 A.3d 984, 994 (Md. 2018) (quoting *Bean v. Dep't of Health & Mental Hygiene*, 959 A.2d 778, 786 (Md. 2008) (citations omitted)). Applying this rule, Maryland courts have required expert testimony in medical malpractice cases, *Sard v. Hardy*, 379 A.2d 1014, 1024 n.5 (Md. 1977); legal malpractice cases, *Short v. Ramsey*, No. 002742, 2017 WL 1013211, at *3 (Md. Ct. Spec. App. Mar. 15, 2017); cases concerning the operation of a railroad, *Asmussen v. CSX Transp., Inc.*, 237 A.3d 908, 925-26 (Md. Ct. Spec. App. Sept. 10, 2020); cases involving a bank's standard of care when adding a customer to an account, *Schultz v. Bank of Am., N.A.*, 990 A.2d 1078, 1090 (Md. 2010); and cases involving the failure of certain complex mechanical devices such as escalators, *Holzhauer v. Saks & Co.*, 697 A.2d 89, 95 (Md. 1997); and elevators, *Jones v. Schindler Elevator Corp.*, No. 534, 2018 WL 3116391, at *4 (Md. Ct. Spec. App. June 25, 2018).   In such cases, a plaintiff may proceed without expert testimony "[i]f the alleged negligence 'is so obvious that the trier of fact could easily recognize that such actions would violate the applicable standard of care,' such as a dentist extracting the wrong tooth or a doctor leaving an instrument in a patient's body[.]" *Moore v. Wash. Metro. Area Trans. Auth.*, No. TJS-24-2891, 2025 WL 1556069, at *3 (D. Md. May 30, 2025) (quoting *Schultz*, 990 A.2d at 1086-87).

     As Maryland courts have made clear, expert testimony is not required every time a case concerns a particular profession or field of expertise.   "When a court considers whether testimony is beyond the 'ken' of the average lay[person], the question is not whether the average person is already knowledgeable about a given subject, but whether it is within the range of perception and

understanding." *Freeman v. State*, 318 A.3d 1241, 1248 (Md. 2024) (quoting *State v. Galicia*, 278 A.3d 131, 161 (Md. 2022)).  "If a jury can use its 'common knowledge or experience' to recognize a breach of a duty, then expert testimony is unnecessary to calibrate the exact standard of care owed by the defendant." *Jones v. State*, 38 A.3d 333, 348 (Md. 2012) (quoting *Cent. Cab Co. v. Clarke*, 270 A.2d 662, 667 (Md. 1970)); *see also Access Limousine Serv., Inc. v. Serv. Ins. Agency, LLC*, No. TDC-15-3724, 2016 WL 6126267, at *7 (D. Md. Oct. 19, 2016) ("If a jury may reasonably reach a decision without the help of an expert, a party's failure to produce expert testimony will not amount to a failure to meet the party's burden of proof.").

Expert testimony is not required in this case.  Here, both parties appear to accept that the standard of care requires, at a minimum, that the WMATA Metro Access Vehicle operator fully lower the handicap lift all the way to the ground.  *See* ECF No. 23, at 3 ("the video demonstrates that WMATA's wheelchair lift was fully lowered to the ground prior to [the Deceased] attempting to board WMATA's Metro Access vehicle."); *see* ECF No. 22, at 4 ("A reasonabl[e] jury would be able to draw on their common knowledge in deciding whether the WMATA employee was negligent in failing to fully lower an access lift which needed to be lowered all the way to the ground").  The questions in this case are relatively simple ones – whether the lift was lowered to the ground, and if Plaintiff acted negligently when boarding the lift – not requiring complex expertise in mechanics, medicine, or accounting.[1]  *See Osiris Holding of Md., LLC v. Daniels*,

---

[1] Defendant contends that Plaintiff is arguing that the operator should have done more to help the Deceased onto the lift.  *See* ECF No. 23, at 3 ("Plaintiff attempts to infer that WMATA should have taken other actions to prevent Plaintiff from tripping.").  However, Plaintiff does not put forth this argument in her briefing.  ECF No. 22.  Rather, this case is a straightforward dispute of material fact.  *See* ECF No. 21-1, at 2 (Defendant maintains that the operator "completely lowered the wheelchair lift to the ground"); ECF No. 22, at 2 (Plaintiff contends that "the handicap access lift was never fully lowered to the ground").

264 Md. App. 337, 366 (Md. 2025) ("Expert testimony is not required to establish the standard of care in every case involving alleged negligence by a professional because sometimes the alleged negligence if proven, would be so obviously shown that the trier of fact could recognize it without expert testimony.") (quotations omitted).

This case is akin to this Court's decision in *Mido v. Wash. Metro. Area Transit Auth.*, in which the Court, applying Maryland law, held that a reasonable jury could determine that a WMATA bus driver was negligent for failing to kneel the bus to allow a pregnant passenger to exit, resulting in her falling. 2021 WL 915431, at *3. Defendant's present argument as to the necessity of expert testimony to establish how to operate a public transit vehicle would have been equally applicable in that case. Nonetheless, this Court found that the plaintiff raised a sufficient dispute of fact to allow the case to proceed to trial. *Id.* at *4

Defendant cites *Gholson v. Wash. Metro. Area Transit Auth.*, in support of its argument that Plaintiff must present an expert witness to establish the national standard of care when boarding a disabled patron who is fully ambulatory with a walker onto a Metro Access Vehicle. ECF No. 21-1, at 5-6; No. TJS-20-0226, 2021 WL 4169494, at *3 (D. Md. Sept. 14, 2021). In *Gholson*, the court held that the standard of care used when determining whether to kneel a WMATA Metrobus required expert testimony. 2021 WL 4169494, at *3. However, the court in *Gholson*, under District of Columbia law, applied a different, more-stringent standard than Maryland law requires. *See id.*, at *3 ("Maryland law . . . has different standards regarding the duty of care a common carrier owes to passengers and the manner by which a plaintiff may establish such standard of care. This case is controlled by District of Columbia law, which requires [plaintiff] to establish the national standard of care with expert testimony.").

9

### III. The Court Cannot Conclude, as a Matter of Law, that the Deceased Was Contributorily Negligent.

Finally, Defendant argues that the Deceased was contributorily negligent as a matter of law. ECF No. 21-1, at 7-8. "[C]ontributory negligence is neglect of the duty imposed upon all men to observe ordinary care for their own safety, the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." *Dean v. Redmiles*, 374 A.2d 329, 346 (Md. 1977). The essential question in determining whether a plaintiff was contributorily negligent is "whether the plaintiff took appropriate precautions to protect his [or her] own interests." *Konig v. Ames*, No. ELH-20-3038, 2021 WL 1561518, at *5 (D. Md. April 21, 2021) (alteration in original) (quoting *Kassama v. Magat*, 792 A.2d 1102, 1110 (Md. 2002)). In determining whether a plaintiff was contributorily negligent, courts should make all inferences "that may be fairly deduced from the evidence" in the plaintiff's favor. *Balt. & O.R. Co. v. Plews*, 278 A.2d 287, 293 (Md. 1971) (quoting *Balt. Transit Co. v. State for Use of Castranda*, 71 A.2d 442, 447 (Md. 1950)). In Maryland, if a plaintiff was contributorily negligent, the plaintiff's recovery is completely barred. *See, e.g., id.; Harrison v. Montgomery Cnty. Bd. of Educ.*, 456 A.2d 894, 898 (Md. 1983) ("[A] plaintiff who fails to observe ordinary care for his [or her] own safety is contributorily negligent and is barred from all recovery, regardless of the quantum of a defendant's primary negligence.").

Whether a plaintiff was contributorily negligent is typically "a question of fact for the jury and not of law for the court." *Diffendal v. Kash & Karry Serv. Corp.*, 536 A.2d 1175, 1178 (Md. Ct. Spec. App. 1988) (quoting *Borsa v. Great Atl. & Pac. Tea Co.*, 215 A.2d 289, 293 (Pa. Super. Ct. 1965)); *see also Davis-Brown v. Scott Mgmt., Inc.*, No. JKS-13-3319, 2014 WL 6646921, at *4 (D. Md. Nov. 20, 2014) ("The question [of] whether the conduct of a business invitee constitutes

10

negligent inattention to surroundings is a highly fact-specific question that often should be left for the jury.").   For a case to be "withdrawn from the jury on the ground of contributory negligence, the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds."   *Balt. & O.R.*, 278 A.2d at 293 (quoting *Balt. Transit*, 71 A.2d at 447).

In trip and fall cases, such a "prominent and decisive act" generally requires both knowledge of the danger and some affirmative act disregarding the danger.   For example, in *McManamon v. High's Dairy Prods. Corp.*, 187 A.2d 318, 318 (Md. 1963), the plaintiff slipped on the damp floor of a milk store despite "awareness of the danger[] . . . ."   The plaintiff testified that she:

> noticed that the floor in front of the door of the refrigerator containing the milk on sale was damp.   She walked slowly towards the refrigerator door because she was pregnant, opened the door, got out a bottle of milk, turned around, took one step and, when she "went to take the next one," fell down.

*Id.*   The Court held that the plaintiff was contributorily negligent because she was aware of the danger of walking on the damp floor, "[y]et she chose to walk on the treacherous surface[,]" thereby "bec[oming] the author of her own misfortune."   *Id.*   Similarly, in *Craig v. Greenbelt Consumer Servs., Inc.*, 222 A.2d 836, 837 (Md. 1966), the plaintiff slipped on a pile of sawdust that had been sprinkled on the ground of a store to soak up moisture from a spilled carton of milk. The plaintiff testified that she saw the sawdust and "knew it was slippery."   *Id.*   The Court held the plaintiff to be contributorily negligent because "she saw the sawdust in the aisle and . . . knew it to be slippery, yet she, without hesitating to plan her course, intentionally walked into the sawdust when she had a reasonable alternative of walking on the section of the aisle which was

clear." *Id.* In *McManamon* and *Craig*, therefore, the plaintiff's awareness of the danger and affirmative disregard for it constituted a "prominent and decisive act," amounting to contributory negligence.

By contrast, in *Frostbutter v. Bob Evans Farms, Inc.*, the plaintiff's awareness of the danger before her accident did not determine that she was contributorily negligent. No. CBD-12-2388, 2013 WL 4026985, at *7-10 (D. Md. Aug. 6, 2013). There, the plaintiff tripped over a curtain hanging below the sink in the bathroom of a restaurant. *Id.*, at *1. The plaintiff knew of the curtain, having testified that "it had 'always' been there 'for a long time'" and that "it [was] 'the first thing you see' when entering the restroom." *Id.* Despite her knowledge of the danger, the Court found that the plaintiff had not committed a "prominent and decisive act" causing her accident. *Id.* at *9. Rather, the court opined, "she merely entered the restroom, washed off her glasses, conversed with the customer next to her, and tripped when she turned to exit." *Id.*

Applying these principals here, the Deceased was not, as a matter of law, contributorily negligent because he committed no "prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds." *Balt. & O.R.*, 278 A.2d at 293. First, as discussed, it is not clear from the evidence that the Deceased knew of the dangerous condition. Defendant argues that the Deceased lifted his walker onto the ramp without assistance but "forgot to raise his left foot over the raised lip of the wheelchair lift," and cannot recover as a matter of law. ECF No. 21-1, at 7. This case differs from the cases above in that Defendant does not possess any testimony in which the Deceased decisively admits that he was aware of the gap. Accordingly, while a jury may reasonably conclude that the Deceased was contributorily negligent in proceeding to board the

platform once he lifted his walker on to the platform, it could likewise reasonably conclude that given the Deceased's lifting of the walker and then stepping on to the platform happened in short succession, he was not aware of how high the platform, in fact, was. Second, as discussed above, viewing the video evidence in the light most favorable to the non-moving party, it is unclear whether the lift was fully lowered. The jury could reasonably conclude that the Deceased misperceived it initially as having been lowered completely to the ground and did not fully realize that it was not until he attempted to step on to the lift. Thus, a reasonable jury could determine that the Deceased was not aware of the dangerous condition. "Without awareness of the dangerous condition, one cannot commit a 'decisive' act disregarding the danger." *Villa v. Lowe's Home Ctrs., LLC*, No. 8:22-cv-01854-AAQ, 2023 WL 7324268, at *8 (D. Md. Nov. 7, 2023).

Further, "as this Court held in *Frostbutter,* in some circumstances, a plaintiff's awareness of a danger is insufficient to conclude, as a matter of law, that the plaintiff was negligent." *Id*. The Deceased may have been so reasonably focused on boarding a lift placed slightly higher than normal, that he may reasonably not have had time or ability to lift his feet higher. Whether his decision to board the lift despite its raised stance – whether from operator error or design – was negligent is also a question for the jury.

In sum, this case is not akin to the rare case in which this Court has found the plaintiff was contributorily negligent as a matter of law. Rather, it is like most cases in which a Defendant advances contributory negligence as a defense – the issue is left to the jury. *Harris v. U.S.*, No. WMN-08-2266, 2009 WL 3100595, at *3 (D. Md. Sept. 23, 2009) (denying contributory negligence where a reasonable person could have acted as the plaintiff alleged they did); *Street v.*

*Verizon Md., LLC*, No. 17-01625-JMC, 2017 WL 5592217, at *3 (D. Md. Nov. 20, 2017) (denying contributory negligence where a reasonable person could have drawn the conclusions that plaintiff did under the circumstances).

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment, ECF No. 21, is, hereby, denied.   Within fourteen days of the filing of this Opinion and Order, the parties shall confer as to their amenability to referral for a settlement conference and advise the Court of their positions promptly thereafter.

So ordered.

Date: July 28, 2026

                                        /s/
                           Ajmel A. Quereshi
                           United States Magistrate Judge